**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 21-4160**

UNITED STATES OF AMERICA,

         Plaintiff - Appellee,

   v.

MARQUAN DIONTAE PRESTON,

         Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:19-cr-00370-FL-1)

Submitted: November 2, 2021               Decided: January 14, 2022

Before GREGORY, Chief Judge, AGEE, Circuit Judge, and SHEDD, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Jorgelina E. Araneda, ARANEDA LAW FIRM, Raleigh, North Carolina, for Appellant. David A. Bragdon, Assistant United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marquan Diontae Preston appeals his convictions and sentence imposed following his guilty plea to possession with the intent to distribute a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D), and possession of a machinegun, in violation of 18 U.S.C. §§ 922(o), 924(a)(2). Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but questioning whether Preston's trial counsel was constitutionally ineffective. The Government has moved to dismiss the appeal based on the waiver of appellate rights in Preston's plea agreement. We affirm in part and dismiss in part.

We review de novo the validity of an appeal waiver. *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). We generally will enforce a waiver if it is valid and the issue being appealed falls within the scope of the waiver. *United States v. Dillard*, 891 F.3d 151, 156 (4th Cir. 2018). A defendant's waiver is valid if he "knowingly and intelligently agreed to it." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). After review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Preston knowingly and voluntarily waived his right to appeal his convictions and sentence, except as to claims of ineffective assistance of counsel and prosecutorial misconduct. Thus, we conclude that the waiver is valid and enforceable.

Preston asserts that his trial counsel was constitutionally ineffective because she failed to properly advise Preston of his sentencing exposure before he entered into the plea agreement. This claim falls outside the scope of Preston's appellate waiver. However, we do not consider ineffective assistance claims on direct appeal "[u]nless an attorney's

2

ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). We conclude that ineffective assistance of counsel does not conclusively appear on the face of the record. We therefore decline to address this claim on direct appeal. This claim "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Id.* at 508.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal that fall outside the scope of the waiver. Accordingly, we grant the Government's motion to dismiss the appeal as to the claims foreclosed by the waiver and affirm as to the remainder of the appeal.

This court requires that counsel inform Preston, in writing, of the right to petition the Supreme Court of the United States for further review. If Preston requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Preston.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*